IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| RAYMOND H. ALEXANDER,<br>        Plaintiff,<br><br>  v.<br><br>KELLY EATON<br>PROBATION OFFICER, *et al.*,<br>        Defendants. | :<br>:<br>:<br>:  Civil No. 5:22-cv-05066-JMG<br>:<br>:<br>:<br>: |

_____

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                **June 27, 2023**

## I. OVERVIEW

Before the Court are the following motions: Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 13), Plaintiff's Motion Requesting the Court's Permission to File An Amended Complaint (ECF No. 25), Plaintiff's Motion Requesting the Court's Permission to Serve Additional Interrogatories on Defendant Eaton (ECF No. 22), and Plaintiff's Motion Requesting Appointment of Counsel (ECF No. 28).

Because, for the reasons stated herein, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted, Defendants' Motion to Dismiss (ECF No. 13) is granted. Therefore, the Court denies Plaintiff's Motions to Serve Additional Interrogatories (ECF No. 22) and Requesting Appointment of Counsel (ECF No. 28) without prejudice. Plaintiff is, however, granted leave to file an amended complaint.

## II. BACKGROUND

Plaintiff, Raymond H. Alexander, proceeding *pro se*, initiated the instant action by filing a complaint on December 19, 2022 (the "Complaint"), bringing eighteen (18) claims pursuant to 42

U.S.C. § 1983 against four named defendants, all of whom are identified as probation officers: Kelly Eaton, Stephen Cullen, Todd Clark, and Eric Pennypacker ("Defendants" or "Named Defendants"). *See* Complaint [ECF No. 1]. Plaintiff also lists, but does not bring any specific claims against, John Does 1 to 10 in the caption of the Complaint. *Id.*

Plaintiff's Complaint consists of eighteen numbered claims, each claim one sentence in length. *Id.* Plaintiff claims the Named Defendants' conduct violated Plaintiff's First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.* Plaintiff's Complaint is drafted using a pro se civil complaint form. *See id.* (Pro Se 1 (Rev. 12/16) Complaint for a Civil Case). Section III of the form, "Statement of Claim," instructs plaintiffs to:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible ***the facts*** showing that each plaintiff is entitled to the damages or other relief sought. ***State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights***, including the dates ***and places*** of that involvement or conduct.

*See id.* at pg. 4 of 7. (emphasis added). Despite this instruction, Plaintiff's Complaint is devoid of specific factual allegations, and instead contains the following eighteen short, vague, and conclusory allegations:

> 1.  Acting under color of state law, on Jan. 6, 2021 defendant Eaton forced plaintiff to take a urine drug test, which violated state law and plaintiff's rights under the U.S. Constitution.
>
> 2.  Acting under color of state law, on Feb. 16, 2021 defendant Eaton forced plaintiff to undergo a blood-alcohol breath test, which violated both state law and plaintiff's rights under the U.S. Constitution.
>
> 3.  Acting under color of state law, on Jun. 2, 2021 defendant Eaton forced plaintiff to undergo a blood-alcohol breath test, which violated both state law and plaintiff's rights under the U.S. Constitution.
>
> 4.  Acting under color of state law, on Jul. 7, 2021 defendant Cullen, who is defendant Eaton's supervisor, was deliberately indifferent to plaintiff's reports of

defendant Eaton's prior violations of plaintiff's rights, which violated both state law and plaintiff's rights under the U.S. Constitution.

5. Acting under color of state law, on Aug. 31, 2021 defendant Eaton illegally searched plaintiff's home, which violated state law and which violated both state law and plaintiff's rights under the U.S. Constitution.

6. Acting under color of state law, on Aug. 31, 2021 defendant Eaton forced plaintiff to take a urine drug test, which violated state law and which violated both state law and plaintiff's rights under the U.S. Constitution.

7. Acting under color of state law, on Nov. 12, 2021 defendant Eaton forced plaintiff to take a urine drug test, which violated state law and which violated both state law and plaintiff's rights under the U.S. Constitution.

8. Acting under color of state law, on Dec. 9, 2021 defendant Eaton falsely arrested plaintiff, which violated state law and which violated both state law and plaintiff's rights under the U.S. Constitution.

9. Acting under color of state law, on Dec. 10, 2021 defendant Cullen retaliated against plaintiff's protected conduct, which violated both state law and plaintiff's rights under the U.S. Constitution.

10. Acting under color of state law, on Dec. 10, 2021 defendant Cullen illegally increased plaintiff's probation conditions, which violated both state law and plaintiff's rights under the U.S. Constitution.

11. Acting under color of state law, on Dec. 15, 2021 defendant Clark was deliberately indifferent to plaintiff's reports of defendant Eaton's and defendant Cullen's prior violations of plaintiff's rights, which violated both state law and plaintiff's rights under the U.S. Constitution.

12. Acting under color of state law, on Jan. 11, 2022 defendant Eaton filed a false technical violation against plaintiff in retaliation for plaintiff's protected conduct, which violated both state law and plaintiff's rights under the U.S. Constitution.

13. Acting under color of state law, on Jan. 26, 2022 defendant Eaton forced plaintiff to take a urine drug test, which violated state law and which violated both state law and plaintiff's rights under the U.S. Constitution.

14. Acting under color of state law, on Apr. 13, 2022 defendants Eaton and Cullen falsely arrested plaintiff, which violated state law and which violated both state law and plaintiff's rights under the U.S. Constitution.

15. Acting under color of state law, on Apr. 13, 2022 defendants Eaton and Cullen illegally searched plaintiff's home, which violated both state law and plaintiff's rights under the U.S. Constitution.

> 16.  Acting under color of state law, on Apr. 13, 2022 defendants Eaton and Cullen forced plaintiff to undergo a blood-alcohol breath test, which violated both state law and plaintiff's rights under the U.S. Constitution.
>
> 17.  Acting under color of state law, on Apr. 15, 2022 defendant Clark was deliberately indifferent to plaintiff's reports of defendant Eaton's and defendant Cullen's further violations of plaintiff's rights, which violated both state law and plaintiff's rights under the U.S. Constitution.
>
> 18.  On Apr. 18, 2022 defendant Pennypacker was deliberately indifferent to plaintiff's reports of defendant Eaton's and defendant Cullen's violations of plaintiff's rights and was deliberately indifferent to plaintiff's report of defendant Clark's deliberate indifference, which violated both state law and plaintiff's rights under the U.S. Constitution.

*Id.* at pgs. 5-6 of 7. Plaintiff's Complaint seeks compensatory damages for "deleterious health effects and medical expenses caused by the defendants' actions" in addition to legal fees and costs, and punitive damages. *Id.* at pg. 6 of 7.

Defendants filed a Motion to Dismiss Plaintiff's Complaint on March 21, 2023. [ECF No. 13]. Plaintiff filed a Response in Opposition on March 30, 2023. [ECF No. 16]. On June 8, Plaintiff filed a Motion Requesting the Court's Permission to Serve Additional Interrogatories on Defendant Eaton. [ECF No. 22]. Thereafter, Plaintiff sought leave to file an Amended Complaint, filing a Motion Requesting the Court's Permission to File an Amended Complaint on June 15, 2023. [ECF No. 25]. Defendants filed a Response in Opposition on June 22, 2023. [ECF No. 30]. On June 19, 2023, Plaintiff filed a Motion Requesting Appointment of Counsel. [ECF No. 28].

### III.  LEGAL STANDARD

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV. ANALYSIS
### a. Defendants' Motion to Dismiss

As an initial basis for dismissal, Defendants contend Plaintiff's Complaint should be dismissed because it is overly vague and fails to plead "adequate facts for Defendants to determine specifically why [Plaintiff] is alleging violations of his rights in any given averment." *See* Defendants' Motion to Dismiss at pg. 7 of 20 [ECF No. 13-2]. The Court agrees.

Each of the eighteen paragraphs of § 1983 allegations in Plaintiff's Complaint identify a Defendant, a date, a vaguely described action, and present a legal conclusion. But the Complaint must do more: Plaintiff must plead facts showing *how* or *why* Plaintiff determined Defendants' conduct was unlawful and violated his Constitutional rights. *See Walker v. Conway*, No. 23-473, 2023 U.S. Dist. LEXIS 101595 at *5 (W.D. Pa. June 12, 2023) (dismissing pro se plaintiff's complaint where "Plaintiff alleges no facts to suggest how he arrived at any of those legal conclusions" averred in the plaintiff's complaint); *see also Waris v. Mackey*, No. 09-1103, 2009 U.S. Dist. LEXIS 116961 at *30 (E.D. Pa. Dec. 14, 2009) (holding Plaintiff failed to state an extortion claim, holding "Plaintiff's legal conclusion is insufficient to state a claim; he must plead facts supporting his legal conclusion" and Plaintiff "failed to plead any facts [] showing how he determined Defendants' purpose in the prior litigation was to extort the value of his claim.").

Indeed, "it is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987). Here, Plaintiff's Complaint fails to plead any specific factual allegations of unlawful conduct. Though Plaintiff's Complaint repeatedly concludes Defendants "violated both state law and plaintiff's rights under the U.S. Constitution" through various, vaguely described actions, such as "falsely arrest[ing]" or "forc[ing] plaintiff to take a urine drug test," the Complaint is devoid of factual allegations that, if proven true, would demonstrate *why* the alleged arrests or forced drug tests were unlawful. Moreover, and as Defendants argue, the Complaint fails to plead sufficient facts such that Defendants can be apprised of the circumstances and/or incidents to which the Plaintiff refers in order to prepare a defense. *See Millar v. Windsor Twp.*, No. 1:04-cv-2529, 2005 U.S. Dist. LEXIS 17433 at *4-5 (M.D. Pa. June 24, 2005) (federal notice pleading rules require plaintiffs "to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense.").

Because Plaintiff fails to allege facts supporting his legal conclusions, the Complaint fails to state a claim. "Generally speaking, a complaint that provides adequate facts to establish how, when, where, and why will survive a motion to dismiss." *Rubin v. State Farm Mut. Auto. Ins. Co.*, No. 10cv1651, 2011 U.S. Dist. LEXIS 1613 at *10 (W.D. Pa. Jan. 7, 2011). Here, Plaintiff's Complaint fails to plead sufficient facts demonstrating *why* Defendants' alleged conduct is unlawful. Rather, much of Plaintiff's allegations are presented in the form of vague legal conclusions. For example, allegation numbered paragraph 8 in Plaintiff's Complaint alleges "defendant Eaton falsely arrested plaintiff," which "violated both state law and plaintiff's rights under the U.S. Constitution." Compl. at pg. 5 of 7 [ECF No. 1]. The Complaint concludes that

Defendant Eaton "falsely arrested" plaintiff, but fails to allege facts demonstrating what Defendant Eaton actually did that amounted to a false arrest. Such vague and conclusory pleading is insufficient to withstand a motion to dismiss. *See Jacobs v. Zampiri*, No. 22-cv-2861, 2023 U.S. Dist. LEXIS 8320 at *6 (E.D. Pa. Jan. 17, 2023) (holding plaintiff's "false arrest claim fails [] because he has not alleged facts that would plausibly support his legal conclusion that probable cause was lacking for his arrest" and instead pleads "vague and conclusory" allegations that "merely recite the elements of a false arrest claim.").

Although this Court is mindful it must "employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney," pro se plaintiffs "are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Walker*, 2023 U.S. Dist. LEXIS 101595 at *3-4.

Because the Court finds that Plaintiff's Complaint must be dismissed for failure to plead sufficient facts upon which a claim for relief may be stated, and instead impermissibly relies on vague and conclusory allegations, the Court dismisses Plaintiff's complaint on these grounds, and need not examine Defendants' additional arguments in favor of dismissal. Although Plaintiff appears provide some supporting factual allegations in his Response in Opposition to Defendants' Motion to Dismiss (ECF No. 16) and Plaintiff's Amended Response to the Defendants' Summary of Facts presented in the parties' Rule 26(f) report, the Court is not permitted to consider these extraneous documents when reviewing a motion to dismiss. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."); *Mast v. Lafayette College*, 2015 U.S. Dist. LEXIS 10903 at *7 (E.D. Pa. Jan. 30, 2015) ("The Court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to

7

dismiss, because such memoranda do not constitute pleadings under Rule 7(a).") (quoting James Wm. 2 Moore et al., Moore's Federal Practice ¶ 12.34[2] (3d ed. 2014)).

### b. Plaintiff's Motion Requesting the Court's Permission to File an Amended Complaint; Plaintiff's Motion Requesting Appointment of Counsel; Plaintiff's Motion Requesting the Court's Permission to Serve Additional Interrogatories on Defendant Eaton

The Court, however, agrees with Plaintiff that dismissal should be without prejudice and Plaintiff should be afforded an opportunity to amend his Complaint. *See* Plaintiff's Response in Opposition to MTD at pg. 2 of 5 [ECF No. 16]. Accordingly, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 13), but grants Plaintiff leave to amend his Complaint within forty-five (45) days of this Opinion and accompanying Order. Accordingly, Plaintiff's Motion Requesting the Court's Permission to File an Amended Complaint (ECF No. 25) is GRANTED. However, because the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court will DENY Plaintiff's Motions Requesting Appointment of Counsel (ECF No. 28) and to Serve Additional Interrogatories on Defendant Eaton (ECF No. 22) WITHOUT PREJUDICE.[1]

---

[1] The Court is without authority to compel an attorney to represent litigants in a civil suit, and declines to request volunteer counsel at this time. Moreover, civil litigants are not entitled to appointment of counsel where they have failed to demonstrate sufficient likelihood of success on the merits. *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997).
   As the Court dismisses Plaintiff's Complaint the Court finds Plaintiff has not demonstrated sufficient likelihood of success on the merits, for the reasons set forth *supra*. *See Barnett v. DOL*, No. 19-1171, 2020 U.S. App. LEXIS 3345 at *1-2 (D.C. Cir. Feb. 4, 2020) (denying motion to appoint counsel in civil case where court granted motion to dismiss); *Brett v. Sampson*, No. 15-3711, 2015 U.S. Dist. LEXIS 126335 at *16 (E.D. Pa. Sept. 21, 2015) (denying civil plaintiff's request for appointment of counsel because "the court has already determined that this case…fails to state a claim upon which relief may be granted.").
   With respect to Plaintiff's Motion to Serve Additional Interrogatories (ECF No. 22), because the Court dismisses Plaintiff's Compliant, the Court declines to compel Defendants to produce additional discovery at this point. Should this case proceed past the dismissal stage, and

## V. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is granted leave to file an Amended Complaint within forty-five (45) days. Therefore, Plaintiff's Motion Requesting the Court's Permission to File an Amended Complaint (ECF No. 25) is **GRANTED**. Moreover, because the Court dismisses Plaintiff's Complaint for failure to state a claim, Plaintiff's Motions Requesting Appointment of Counsel (ECF No. 28) and to Serve Additional Interrogatories on Defendant Eaton (ECF No. 22) are **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

meritorious grounds for conducting additional discovery exist, the Court will consider any renewed discovery motions at that time.